**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| United States of America,            )<br>                                                      )<br>                        Plaintiff,       )<br>                                                      )<br>            vs.                                  )<br>                                                      )<br>David Canty,                               )<br>                                                      )<br>                        Defendant.   )<br>_____ ) | Criminal No.: 4:01-cr-445-CWH<br><br><br><br><br>**ORDER** |

On June 22, 2006, the government filed a motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, to reduce the defendant's sentence based on his substantial assistance. On June 26, 2006, the Court granted the motion during a hearing and reduced the defendant's sentence by 60 months. On July 5, 2006, the defendant filed a motion to reconsider the sentence reduction and appealed the amended judgment to the Fourth Circuit Court of Appeals. On May 1, 2007, the Fourth Circuit Court of Appeals held that this Court's ruling was not appealable because the sentence was not imposed in violation of the law. United States v. David Canty, 225 Fed. Appx. 104 (4th Cir. 2007).

In the defendant's motion for reconsideration of his reduced sentence, the defendant contends that: (1) when calculating the reduction, the Court improperly considered its prior reduction to defendant's sentence for substantial assistance given before sentencing; (2) the Court should have granted the defendant the same reduction it granted his co-defendants; and (3) the government promised a larger reduction.

First, the Court properly considered the amount of the reduction it granted the defendant at sentencing when determining the amount of the reduction to the defendant's sentence for his

postsentence assistance under Rule 35(b).  Rule 35(b)(3) allows courts to consider presentence and postsentence assistance when evaluating a motion.  Moreover, granting a larger reduction at sentencing rewards a defendant for prompt assistance to the government.  *See* U.S.S.G. § 5K1.1(a)(5) (courts should determine a proper reduction by considering, *inter alia*, the timeliness of a defendant's assistance).

Second, during the hearing, the Court asked the defendant's attorney whether he had reviewed the government's motion with the defendant and whether the defendant agreed with the content of the report.  The defendant's attorney stated that he had reviewed the motion with the defendant, but the defendant's attorney did not mention any promises made by the government for sentence recommendations.

Third, the defendant complains that he has provided more assistance than his co-defendants but his reduction was less than most of his co-defendant's reductions.  Courts must avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  However, this factor does not require the end result that all of the sentences for co-defendants are the same.  Moreover, the Court should reduce a defendant's sentence based on the defendant's assistance and not on a co-defendant's assistance.

Finally, the defendant's sentence is reasonable.  A district court's reduction in a sentence based on a departure from the guidelines range must be reasonable.  United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006).  "If a district court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the advisory guideline range, the sentence will be found unreasonable."  Id.  The Court's reduction for the defendant's

substantial assistance rewarded the defendant for his assistance. In addition, the defendant's amended sentence reflects the seriousness of the offenses for conspiring to distribute crack cocaine and for being a felon in possession of a firearm. Consequently, the resulting sentence of 180 months is reasonable.

    The Court denies the defendant's motion for a larger reduction.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 24, 2007
Charleston, South Carolina